**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **IN RE:**<br><br>**TOUFIC SALIM MELKI.**<br><br>**Debtor** | <br><br>**Case No.: 19-15265-LSS**<br>**Chapter 11** |

**OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY JOHN M. "JACK" QUINN AND ETHRIDGE, QUINN, KEMP, MCAULIFFE, ROWAN & HARTINGER AS SPECIAL COUNSEL FOR THE DEBTOR**

John P. Fitzgerald, III, the Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, objects to the application filed by Toufic Salim Melki ("Debtor") to employ John M. "Jack" Quinn and Ethridge, Quinn, Kemp, McAuliffe, Rowan & Hartinger as Special Counsel ("Special Counsel") to represent the Debtor in the divorce proceeding because the application does not demonstrate that such employment will be beneficial to the estate.

FACTS

On April 18, 2019 ("Petition Date"), the Debtor filed for a petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code. The Debtor is in possession of his property and the management of his business as a debtor-in-possession pursuant to Section 1107 and 1108 of the Bankruptcy Code. The United States Trustee has not yet appointed a committee of unsecured creditors in this case. The Debtor is an ophthalmologist.

Prior to the Petition Date, the Debtor was involved in a family law proceeding in Montgomery County, Maryland, which culminated in an Order granting the Debtor and his former wife, Cynthia Melki, an absolute divorce ("Divorce Order"). The Divorce Order provides that the Debtor shall pay Cynthia Melki child support in the amount of $4,556 per

month, and alimony in the amount of $9,000 per month. The Divorce Order further provides, among other things, that the Debtor is to pay the following financial obligations:

(1) a $400,000 marital award to Cynthia Melki by no later than June 1, 2019;

(2) $107,000 to Cynthia Melki for litigation fees and costs;

(3) $15,000 to Cynthia Melki's valuation expert;

(4) $103,069 to Cynthia Melki for her 20% interest in Retina One, LLC; and

(5) that the parties' property located at Fields Road be sold and the net proceeds be divided equally between them. The Divorce Order further grants Cynthia Melki use and possession of their marital home located in Gaithersburg, Maryland for a period up to three years from the date of the Order, which was March 26, 2019.

At the Section 341 Meeting of Creditors, the United States Trustee learned that the Debtor is appealing the Divorce Order. The Debtor further testified that he has not paid the required alimony or child support as set forth in the Divorce Order – although he is paying a reduced amount of alimony and child support that was contained in a pendente lite order. The Debtor also has not vacated the marital home or allowed Cynthia Melki use and possession thereof.

The Debtor has filed the Application to employ Special Counsel to represent him in the appeal process. At the Section 341 meeting, the Debtor testified that the basis of his appeal is that it is his belief that no court in the United States has jurisdiction to grant a divorce to the Debtor and Cynthia Melki because they were married in a church in Lebanon.

ARGUMENT

The United States Trustee does not take a position regarding the merits of or the factual allegations of the appeal, Divorce Order, or the underlying family law matter. The United States Trustee objects to the Application because the Debtor has not shown how or why the Application is beneficial to the Estate and/or why the Debtor should be able to use Estate funds to pay for his appeal of the Divorce Order.

Section 327(e) of the Bankruptcy Code authorizes the Debtor to retain special counsel to perform legal services in a bankruptcy case when the attorney is employed with court approval for a specified special purpose that would be beneficial to the bankruptcy estate. *See* 11 U.S.C. § 327(e).

> In reading § 327(e), four requirements emerge to employ special counsel: (1) employment of the attorney must be for a specified special purpose, which does not include representing the trustee in conducting the case, (2) the attorney must have previously represented the debtor, (3) the employment of the attorney must be in the best interest of the estate, and (4) the attorney must not have any interest adverse to the debtor or the estate with respect to the matter on which special counsel is to be employed

*In re Johnson*, 433 B.R. 626, 635 (Bankr. S.D. Tex. 2010). In order for the court to authorize employment for special divorce counsel, a debtor must show that such employment is for the benefit of the estate and not for the debtor's personal benefit. *In re Warner*, 141 B.R. 762 (3rd Cir. 1995); *In re Black & White Cab Co.*, 175 B.R. 24, 26 (Bankr E.D. Ark 1994). Section 327 "operates as a judicial check on the power of the debtor in possession acting as trustee." *In re Johnson*, 433 B.R. at 635; *Vouzianas v. Ready & Pontisakos* (*In re Vouzianas* ), 259 F.3d 103, 109 (2d Cir. 2001) (affirming bankruptcy court's denial of trustee's attempt to employ special counsel). Thus, before this Court can grant the Application, the Debtor must show that the

employment of Special Counsel to appeal the Divorce Order is beneficial to the Estate and not just to him personally.

In addition, the Debtor needs to state how he intends to pay for Special Counsel. Prior to the Bankruptcy Abuse Prevention Consumer Protection Act of 2005 ("BAPCPA"), the Debtor's post-petition earnings did not become property of the bankruptcy estate. A chapter 11 debtor thus could use post-petition earnings for a variety of purposes, including living expenses and paying for divorce counsel. Pre-BAPCPA, a debtor, however, could not use estate funds to pay for his divorce counsel. *In re Colin,* 27 B.R. 87, 89 (Bankr. S.D.N.Y.1983). In *Colin*, the Court allowed the debtor to retain special counsel for a divorce proceeding so long as the services concerned the dissolution of marriage as well as the disposition of estate property. *Id.* The *Colin* Court made clear that the bankruptcy estate could only reimburse for professional services relating to the disposition of estate property; the estate, however, could not reimburse for professional services relating to the marital dissolution. *Id.* As such, the *Colin* court required special divorce counsel to prepare professional fee applications in detail so that the court could distinguish between legal services relating to the disposition of estate property and representation concerning the marriage dissolution. *Id.*

BAPCPA added a new dimension to the retention of divorce counsel by adding Section 1115(a), which provides that post-petition income of an individual Chapter 11 debtor is property of the estate until the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first. Now, it appears that "individual chapter 11 debtors are no longer permitted to use their post-petition income to pay divorce counsel unless such an expense is

authorized for property of the bankruptcy estate". *In re Goldstein*, 383 B.R. 496, 499 (Bankr. C.D. Cal. 2007).

The Application to employ Special Counsel in this case does not recognize the distinction between estate and non-estate funds or the thin line that the Debtor must walk to make sure that he uses Estate funds only to pay for expenses relating to property of the bankruptcy estate. Any Order approving Special Counsel should provide specific instructions to Special Counsel and the Debtor regarding services the Special Counsel can charge the Estate versus the services that that Special Counsel must look to the Debtor to pay from non-Estate assets. For example, the Estate can pay Special Counsel for services relating to the appeal of the Divorce Order as it pertains to the Debtor's financial obligations but not for services related to the appeal of the Divorce Order as it relates to the grounds for divorce. Special Counsel will need to be fastidious in maintaining its time records to ensure that it bills the Estate for only those services that benefit the Estate.

WHEREFORE, the United States Trustee respectfully requests that the Application be denied, without prejudice, and for such other and further relief as the nature of his cause requires.

Dated: May 31, 2019

**JOHN P. FITZGERALD, III**
United States Trustee for Region 4
By Counsel:

*/s/ Lynn A. Kohen*

Lynn A. Kohen, Bar No. 10025
Trial Attorney
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
Telephone: (301) 344-6216
Fax: (301) 344-8431
Email: lynn.a.kohen@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 31, 2019, I served a true and correct copy of the foregoing Objection to Debtor's Application to Employ John M. "Jack" Quinn and Ethridge, Quinn, Kemp, McAuliffe, Rowan & Hartinger ss Special Counsel for the Debtor was served by ECF notification to

- Justin Philip Fasano jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;dmoorehead@mhlawyers.com;kmadden@mhlawyers.com;tmackey@mhlawyers.com;mnickerson@mhlawyers.com
- Janet M. Nesse jnesse@mhlawyers.com, jfasano@mhlawyers.com;cpalik@mhlawyers.com;jnesse@ecf.inforuptcy.com;tmackey@mhlawyers.com;dmoorehead@mhlawyers.com
- Jeffrey M. Orenstein jorenstein@wolawgroup.com
- Jeffrey M. Sherman jeffreymsherman@gmail.com, elmoyer99@gmail.com

*/s/ Lynn A. Kohen*
Lynn A. Kohen