IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

|   |   |   |
|---|---|---|
| IN RE: | ) | |
| | ) | 19-15265-TJC |
| TOUFIC SALIM MELKI, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPPOSITION TO CREDITORS CYNTHIA SAMAHA, SABA ARMANI, AND GOWEN SILVA AND WINOGRAD, PLLC'S MOTION TO APPOINT CHAPTER 11 TRUSTEE**

Toufic Salim Melki (the "Debtor") the debtor and debtor in possession in the above-captioned case, files this opposition to *Creditors Cynthia Samaha, Saba Armani, and Gowen Silva and Winograd, PLLC's Motion to Appoint Chapter 11 Trustee* (the "Motion," Docket No. 51) filed by Cynthia Samaha f/k/a Cynthia Melki, Saba Armani, and Gowen Silva and Winograd, PLLC ("Movant"), and states as follows:

The Movants base substantively all of their Motion on the findings of the Montgomery County Circuit Court, entered after a bitter divorce. Those findings are vigorously disputed and are under appeal. That divorce ended with an order requiring payment off $600,000 in sixty days, which would have forced the Debtor to sell operating businesses, whose value rest solely on the Debtor's hard work and professional expertise, in a timeframe that would have resulted in fire-sale prices. This case was filed to provide for the orderly sale of assets that should be sold, and for the dedication of income from income-producing assets to the plan.

Despite very significant hyperbole in the Motion, the Debtor has not failed to comply with his obligations under the Bankruptcy Code, nor has the Debtor been dishonest. The Debtor has fully disclosed his assets. The Debtor has not paid for luxurious vacations. He has not incurred professional fees without court permission. The Debtor is in the process of proposing a

Chapter 11 plan which appropriately treats all creditors in this case. Appointment of a trustee will accomplish nothing but adding another layer of expense to years of litigation. The Debtor should be allowed to present a Chapter 11 plan, and should be given the time he needs to get that plan confirmed.

The Movants have the burden of proof with respect to the Motion, which contains significant exaggerations and misstatements. The Debtor will not respond to each allegation, but suffice it to say, the allegations of pre-petition misconduct do not warrant the appointment of a trustee. For instance, The Eagle Eye Surgery Center has not yet even been formed, and provides no income for the Debtor. It was a planned investment of the Debtor, which was going to open at property owned by Cynasa Holdings, LLC at Dufief Mill Road in Gaithersburg, Maryland. The Debtor's donations to Combat Blindness (which in fact only totaled $325,000) stopped in 2017, well before this bankruptcy.

Nor does the Debtor's post-bankruptcy conduct warrant a Chapter 11 trustee. The Debtor has paid a significant portion of his domestic support obligations, but $13,000 a month is beyond his means. The award of that amount is under appeal as well. The trip about which the Movants complain was paid for well before the bankruptcy. It is an annual trip that the Debtor makes to his home country of Lebanon. Finally, the willingness of the Debtor's child support and custody attorney, Bart Colombo, to work for free, is plainly beneficial to the estate. The Movants' desire to cut off the Debtor's representation is not cause for appointment of a trustee.

The appointment of a trustee in a chapter 11 case is an extraordinary remedy, and there is a strong presumption in favor of allowing the debtor to remain in possession." *In re Tanglewood Farms, Inc. of Elizabeth City*, No. 10-06719, 2011 Bankr. LEXIS 624, 2011 WL 606820, at *2 (Bankr. E.D.N.C. Feb. 10, 2011) [*20] (citing *In re Heck's Properties, Inc*., 151 B.R. 739, 756

(S.D. W. Va. 1992)); *In re Taub*, 427 B.R. 208, 225 (Bankr. E.D.N.Y. 2010) ("The appointment of a trustee is an unusual remedy and '[t]he standard for §1104 appointment is very high . . . .'" (quoting *Adams v. Marwil (In re Bayou Grp., LLC)*, 564 F.3d 541, 546 (2d Cir. 2009))).

Because "appointment of a trustee should be the exception, rather than the rule[,]" *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225-26 (3d Cir. 1989), the movant must demonstrate, by clear and convincing evidence, the grounds for appointment of a trustee under both subsections of § 1104(a). *In re LHC, LLC,* 497 B.R. 281, 291 (Bankr. N.D. Ill. 2013).

Mere allegations, which are contested, that a debtor or its management have engaged in fraud, dishonesty or other similar conduct are not sufficient to warrant appointment of a trustee. *In re Concord Coal Corp.*, 11 B.R. 552, 553 (Bankr. S.D. W. Va. 1981) (holding that appointment of a trustee is not warranted where "fraud and dishonesty have been alleged but not proven."). In a Chapter 11 reorganization case, "[t]here is a strong presumption that a debtor should remain in possession absent a showing of need for the appointment of a trustee. *In re The 1031 Tax Group, LLC*, 374 B.R. 78, 85 (Bankr. S.D.N.Y 2007) (*citing In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 167 (Bankr. S.D.N.Y.1990)).

Further, the appointment of a Chapter 11 trustee in a wage earner case raises significant constitutional issues.  *See In re Clemente*, 409 B.R. 288, 295 (Bankr. D.N.J. 2009); U.S. CONST. AMEND. 13.  It also raises significant practical issues.  A trustee cannot and would not run Dr. Melki's surgery centers.  A trustee cannot propose a sale of property that has been exempted by the Debtor and cannot pay his fees from exempt assets.  11 U.S.C. § 1123(c); 522(k).

The Debtor is in the process of proposing a Chapter 11 plan which should be consensual. The plan will voluntarily devote post-petition wages and exempt property to the Plan, and will

sell assets that have proven to be a cash-drain.  This is the best result for all creditors, and the Debtor should be allowed to pursue it.

    WHEREFORE, the Debtor requests that the Motion be denied, and that the Court grant such other relief as it deems appropriate and proper.

Dated: September 9, 2019        Respectfully submitted,

/s/ Janet M. Nesse
Janet M. Nesse, Esq (MDB # 07804)
Justin P. Fasano, Esq. (MDB # 28659)
McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Tel: (301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Attorneys for Toufic Melki*

4

## CERTIFICATE OF SERVICE

I certify that on September 9, 2019, a copy of the foregoing *Creditors Cynthia Samaha, Saba Armani, and Gowen Silva and Winograd, PLLC's Motion to Appoint Chapter 11 Trustee* was served by CM/ECF, to all parties receiving notice thereby, which includes the following attorneys:

Lynn A. Kohen lynn.a.kohen@usdoj.gov

Jeffrey M. Orenstein jorenstein@wolawgroup.com

Jeffrey M. Sherman jeffreymsherman@gmail.com, elmoyer99@gmail.com

US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV

                                                /s/ Janet M. Nesse
                                                Janet M. Nesse