UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-15265-LSS |
| TOUFIC SALIM MELKI, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**CREDITORS CYNTHIA SAMAHA, SABA ARMANI, AND GOWEN SILVA AND WINOGRAD, PLLC'S REPLY TO SUPPLEMENTAL OPPOSITION TO MOTION TO APPOINT CHAPTER 11 TRUSTEE**

Cynthia Samaha (formerly known as Cynthia Melki), Saba Armani, and Gowen Silva and Winograd, PLLC (collectively, the "Movants"), by and through their counsel, file this reply to Debtor's supplemental opposition to Movants' motion to appoint a Chapter 11 trustee and state as follows:

1.      On August 26, 2019, Movants filed a motion with this Court asking to appoint a Chapter 11 trustee (ECF 051).

2.      On September 9, 2019, Debtor filed an opposition to the subject motion stating that he "will not respond to each allegation" (ECF 061, at 2). Debtor, however, argued that his conduct prior to commencement of the bankruptcy or after the bankruptcy proceeding started does not warrant an appointment of Chapter 11 trustee." *Id*.

3.      On October 7, 2019, Debtor filed a supplemental opposition to Movants' motion (ECF 078). The hearing on the motion is scheduled for October 10, 2019 and therefore a reply must be filed immediately.

1

4. Debtor argues that he "has undertaken a comprehensive review of his finances with his new accountant," approved by this Court on June 18, 2019 (ECF 078, at 1). Debtor further elaborated that with accountant's help, "the Debtor will be filing amended tax returns for his companies and amended schedules in his bankruptcy case." *Id*. Debtor's supplemental opposition. Debtor's choice of words raises an issue because, prior to October 7, 2019, Debtor had already filed amended tax returns for 2016, 2017 and a return for 2018, all of which show substantially more income than was originally reported by Dr. Melki.

5. The amended returns show Dr. Melki's income from his medical practice alone for 2016 should have been $627,975 not the $110,249 reported to the IRS, and, for 2017, his medical practice income should have been $443,285 not the $143,190 reported to the IRS. Most notably, Dr. Melki's 2018 return shows income from the medical practice alone to be $604,410 yet just a few days after Dr. Melki's 2018 return was filed, he filed his Chapter 11 plan in this case and lists his income at $19,094.82 a month ($229,137.84 a year). Such a discrepancy raises two issues: this is just another example of Dr. Melki's fraudulent conduct, and Dr. Melki claim of insolvency is highly questionable.

6. During the recent contempt trial -- when Dr. Melki and his new "accountant" were questioned regarding the $1.2 million of income that was unreported prior to filing Chapter 11 -- neither had an answer for the court. Dr. Melki was found in contempt and a warrant has been issued for his arrest. During the court's ruling Judge Cynthia Callahan stated that, "the only law that applies to Dr. Melki is the law in his head".

7. Debtor next argues that he "does not **believe** he has committed any fraudulent conduct" (ECF 078, at 1). As Judge Callahan emphasized, the law in Dr. Melki's head does not apply in Maryland Circuit Court and certainly does not apply in U.S. Bankruptcy Court. Dr.

2

Melki continues to **believe** that he does not have to be truthful or forthcoming with this Court. For example:

a. Dr. Melki's October 1, 2019, filing (ECF 071, at 23), claims an existing debt of $237,489.00 on the 8931 property in the form of a HELOC loan. (8931 Edgewood Drive, Gaithersburg, MD 20877). However, at the contempt trial when he was trying to argue that his ex-wife's alimony award was too high, he revealed that no such debt exists and produced documentation showing no debts at all on the 8931 property. (See Ex. A.)

b. Dr. Melki was also questioned about the depletion of one of his investment accounts that has occurred at some point in in the last year. He testified that he depleted his Fidelity IRA account *0369 from about $85,107.38 (as of August 31, 2018) to $18,507 (as of October 1, 2019) (*see* ECF 071, at 16) because he deposited those funds, at least in part, to his children's Maryland 529 accounts. However, his October 1, 2019 filing, ECF 071, at 16, does not reflect any change regarding those Maryland 529 accounts from the time when the Fidelity account had over $85,000 in it. Which rather clearly suggests that Dr. Melki had an additional $50,000 or more of income that has been unreported.

c. Additionally, Dr. Melki testified under oath at contempt hearing, that he withdrew at least $4,000 in cash from one of his accounts for his trip to Lebanon this summer. No cash withdraw was reported in his monthly operating reports to this court. Dr. Melki agreed that he has made cash other

cash withdraws in 2019 and that if they were not listed in his bankruptcy reports that was a mistake.

8. Dr. Melki simply cannot be trusted as he will argue whatever is convenient at the moment. When Dr. Melki was on trial for divorce, his income for calculation of child support was only $110,000 with no tax debt; but when he was on trial for contempt he, all of sudden, has hundreds of thousands of dollars in IRS debt because his previous accountant made mistakes, and therefore does not have the ability to pay his support obligations. Dr. Melki is apparently at risk of going to jail because the Court that, so far, knows him the best found that he is untruthful and in blatant contempt of the court's orders.

WHEREFORE, Movants respectfully request that this court reject Dr. Melki's arguments and appoint a trustee.

Date: October 8, 2019                                   Respectfully submitted,

      /s/ *Jeffrey M. Sherman*_____
Jeffrey M. Sherman, MD Bar No. 08505
LAW OFFICES OF JEFFREY M. SHERMAN
1600 N. Oak Street, Suite 1826
Arlington, VA 22209
(703) 855-7394
jeffreymsherman@gmail.com
*Attorney for Cynthia Samaha, Saba Armani, Christopher Gowen, of Gowen Silva and Winograd, PLLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2019, I served a copy of the foregoing, by either first class mail, postage prepaid, or, where permissible under the applicable Rules of this Court, by electronic means, upon the following:

Janet M. Nesse
McNamee, Hosea, et al.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Email: jnesse@mhlawyers.com

Lynn A. Kohen
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
Email: lynn.a.kohen@usdoj.gov

Jeffrey M. Orenstein
WOLFF & ORENSTEIN, LLC
Shady Grove Plaza
15245 Shady Grove Road, Suite 465
Rockville, Maryland 20850
Email: jorenstein@wolawgroup.com

                                                                        */s/ Jeff Sherman*_____
                                                                         Jeffrey M. Sherman