**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

**In re:**

| | |
|---|---|
| **TOUFIC SALIM MELKI,** | **CHAPTER 11** |
| **DEBTOR.** | **CASE NO. 19-15265** |

**OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN**

     **COMES NOW**, U.S. Bank National Association ("Secured Creditor"), by Counsel, and objects to the confirmation of the Chapter 11 Plan (the "Plan") and in support thereof, represents unto the Court:

     1.    Secured Creditor has a claim against the property of the Debtor located at 9701 Fields Road Unit 1803, Gaithersburg, MD 20878 by virtue of the Note and accompanying Deed of Trust.

     2.    The Proof of Claim (6-1) filed on July 30, 2019 by this Secured Creditor establishes a total debt of $42,691.07 due as of the bankruptcy filing date, which interest will continue to accrue during the Plan. The loan payments currently include escrow for ongoing taxes and insurance. The Plan states that the Debtor shall pay all real estate taxes timely going forward and shall maintain insurance listing "United Bank Home Mortgage" as an insured party, but has not provided proof of insurance, and said party is the incorrect secured creditor to be listed.

     3.    Debtor proposes to sell the Property and pay the loan in full within 24 months of the effective date. This is speculative and an unreasonably long period of time to allow for the sale. Furthermore, the Debtor does not provide for any alternative treatment for this Secured Creditor, in the event that the sale does not occur.

     4.    The Plan also fails to provide for any additional adequate protection provisions to this secured Creditor while the stated sale is attempted. Secured Creditor objects due to the lack of adequate protection contained in the filed Plan.

     5.    Secured Creditor hereby requests that the Plan unequivocally surrender the Property, or in the alternative make provisions to adequately protect Secured Creditor's interest.

     6.    Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the objections specified above in order to be feasible and to provide adequate

protection to this Secured Creditor. It is respectfully requested that this Court deny confirmation of the Plan.

**WHEREFORE**, the undersigned requests as follows:

1. That confirmation of the proposed Plan be denied;

2. Debtor be required to modify the Plan to honor the terms and conditions of the Deed of Trust; and

3. For such other relief as this Court deems proper.

        U.S. Bank National Association

        By: **/s/ MICHAEL T. FREEMAN**
        Randa S. Azzam, Esquire, Bar No. 22474
        John E. Driscoll, Esquire, Bar No. 17161
        Michael T. Freeman, Esquire, Bar No. 19131
        Daniel J. Pesachowitz, Esquire, Bar No. 14906
        Nisha R. Patel, Esquire, Bar No. 20997
        Samuel I. White, P.C.
        1804 Staples Mill Road
        Suite 200
        Richmond, VA 23230
        Tel: (804) 290-4290
        Fax: (804) 290-4298
        mfreeman@siwpc.com

## CERTIFICATE OF SERVICE

I certify that on October 16, 2019, the foregoing Objection was served via CM/ECF on , Trustee, and Justin Fasano, Counsel for Debtor, at the email addresses registered with the Court, and that a true copy was mailed via first class mail, postage prepaid, to Toufic Salim Melki, Debtor, 1014 Willow Leaf Way, Rockville, MD 20854.

        **/s/ MICHAEL T. FREEMAN**
        Michael T. Freeman, Esquire
        Samuel I. White, P. C.