**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-15265-LSS |
| TOUFIC SALIM MELKI, ) | Chapter 11 |
| ) | |
| Debtor and Debtor in Possession. ) | |

**APPLICATION FOR AUTHORITY TO EMPLOY BART COLOMBO AND SABOURA
GOLDMAN & COLOMBO P.C. AS SPECIAL COUNSEL FOR THE DEBTOR**

Toufic Salim Melki (the "Debtor"), files this *Application for Authority to Employ Bart Colombo and Saboura Goldman & Colombo P.C. as Special Counsel for the Debtor* (the "Application"), and in support thereof, state as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. The relief sought with this Application is based upon Sections 327(e), 328, 330 and 1107 of 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

**The Case**

3. On April 18, 2019 (the "Petition Date"), the Debtor filed for bankruptcy under Chapter 11 of the Bankruptcy Code.

4. The Debtor is now in possession of his property and the management of his business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      No creditors committee has been appointed in this case by the United States Trustee.

### The Need for Special Counsel

6.      The Debtor requires the assistance of special counsel in order to assist him in his ongoing divorce case and post-trial motions.

### The Employment of Colombo as Special Counsel

7.      The Debtor has selected *Bart Colombo and Saboura Goldman & Colombo P.C.* (collectively, "Colombo") to act as his special counsel in this case because Colombo has considerable experience in divorce matters. The Debtor submits that the retention of Colombo under the terms described herein is appropriate under Sections 327(e), 328 and 1107 of the Bankruptcy Code.

### The Services to be Rendered

8.      The Debtor has retained Colombo to assist him, among other things, in the defense of the divorce case and post-trial motions. The Debtor's other special counsel, Ethridge, Quinn, Kemp, McAuliffe, Rowan & Hartinger, will be limited to prosecuting the Debtor's appeal of orders entered in the divorce case.

### The Standards for Approving Employment

9.      Section 327(e) of the Bankruptcy Code authorizes a debtor/trustee, with court approval, to employ, for specified special purposes, an attorney that has represented the debtor previously, if such retention is in the best interests of the estate and provided that the attorney"does not represent or hold any interest adverse to the debtor or to the estate with respect

to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). Special counsel retained under Section 327(e) cannot "represent the trustee in conducting the case . . . ." *Id.*

10. Further, Section 328(a) of the Bankruptcy Code permits the employment of a "professional on any reasonable terms and conditions of employment." 11 U.S.C. § 328(a). Courts have allowed the employment of counsel who had previously represented the debtor under Section 327(e) on the following conditions: (1) employment may only be authorized for a specified, special purpose other than conducting the case. The special purpose must be unrelated to the debtor's reorganization and must be explicitly defined or described in the application seeking approval of the attorney's employment; (2) the firm holds no adverse interest to the debtor; and (3) the employment of the firm is in the best interest of the estate. *In re Phila. Newspapers, LLC*, 416 B.R. 438, 445 (Bankr. E.D. Pa. 2009) (*quoting In re Running Horse, L.L.C.*, 371 B.R. 446, 451 (Bankr. E.D. Ca. 2007).

11. The "purpose of § 327(e) is to allow counsel who cannot meet the disinterestedness requirement of § 327(a) nevertheless to render valuable services to the debtor in matters where counsel has no adverse interest." *In re Tidewater Memorial Hosp., Inc.*, 110 B.R. 221, 227 (Bankr. E.D. Va. 1989). For instance, in *In re Bowman,* 181 B.R. 836, 847 (Bankr. D. Md. 1995), this Court approved retention of debtor's counsel as special counsel to a Chapter 7 trustee when counsel did not have an adverse interest to estate and employment was not central to the trustee's statutory duties.

12. To the best of the Colombo's knowledge, Colombo has no connection with the Debtor, his creditors or any other party-in-interest in this case, their respective attorneys or

accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as described in the Verified Statement of Bart Colombo filed herewith.

### No Adverse Interest

13. The Debtor submits that Colombo represents no interest adverse to the Debtor or to the estate on the matters upon which Colombo is to be engaged for the Debtor.

### Compensation

14. Section 328(a) of the Bankruptcy Code permits the employment of a professional "on any reasonable terms and conditions of employment, including on a retainer." 11 U.S.C. § 328(a). The Debtor intends to provide Colombo a retainer in the amount of $7,000.00 if this application is approved.

15. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any rules or other procedures that may be fixed by this Court, the Debtor requests that Colombo be compensated, on an hourly basis, for professional services rendered, plus reimbursement of actual and necessary expenses incurred by Colombo

### Effective Date of Retention

16. Due to the exigencies of this case, the Debtor requested Colombo to commence services before this Application could be heard or approved. The Debtor requests that the retention of Colombo be approved effective as of the date of December 2, 2019.

### Conclusion

17. As set forth above, Colombo satisfies all the requirements for employment as special counsel for the Debtor under Sections 327(e), 328 and 1107 of the Bankruptcy Code.

18.     The employment of Colombo as special counsel for the Debtor is in the best interests of the Debtor and the estate and is appropriate under 11 U.S.C. §§ 327 and 328.

### **Prayer for Relief**

WHEREFORE, the Debtor respectfully requests that he (i) be authorized to employ Colombo effective as of the 2nd day of December 2019, under the terms described above, to provide legal services to the Debtor related to his divorce; and (ii) be granted such other and further relief as is just and proper.

**[signatures on next page]**

Dated:  November 25, 2019

Respectfully submitted,

/s/ *Janet M. Nesse*
McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.
Janet M. Nesse (MDB # 07804)
Justin P. Fasano, Esquire (MDB # 28659)
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Phone: 301-441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2019, a true and correct copy of the foregoing *Application for Authority to Employ Bart Colombo and Saboura Goldman & Colombo P.C.as Special Counsel for the Debtor* was served by the Court's ECF system on those parties receiving notice thereby, and by mailing a copy thereof by first class mail, postage prepaid, upon the following parties:

Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt MD 20770

Bart Colombo
Saboura Goldman & Colombo P.C.
312 E. Market Street, Suite F
Leesburg, VA 20176

Toufic Salim Melki
8931 Edgewood Dr.
Gaithersburg, MD 20877

/s/ Justin P. Fasano
Counsel