# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Greenbelt Division)

| | |
|---|---|
| In re: | |
| TOUFIC SALIM MELKI, | Case No. 19-15265-LSS<br>Chapter 11 |
| Debtor and Debtor in Possession. | |

**CREDITORS CYNTHIA SAMAHA AND GOWEN SILVA AND WINOGRAD, PLLC'S OPPOSITION TO DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY BART COLOMBO AND SABOURA GOLDMAN & COLOMBO P.C. AS SPECIAL COUNSEL**

Cynthia Samaha (formerly known as Cynthia Melki) and Gowen Silva and Winograd, PLLC (collectively, the "Creditors"), by and through their counsel, file this opposition to Debtor Toufic Melki's application for authority to employ Bart Colombo and Saboura Goldman & Colombo P.C. as special counsel. In support of this opposition, the Creditors state as follows:

### RELEVANT FACTS

1. On March 26, 2019, the Montgomery County Circuit Court issued an Order granting Ms. Samaha's petition for absolute divorce and ordered Dr. Melki, among other things, to pay domestic support obligations and awarding Ms. Samaha and three minor children use and possession of the marital home ("Final Judgment").

2. On May 23, 2019, the Montgomery County Circuit Court denied Dr. Melki's post-trial motion – motion to alter or amend.

1

3. On June 28, 2019, this Court granted in part Dr. Melki's application to employ well-respected John M. Quinn and Ethridge, Quinn, Kemp, McAuliffe, Rowan & Hartinger as Special Counsel for the Debtor in domestic relations matter (ECF 042). The Court determined that special counsel may render legal services that related to property of the estate and that is in the best interest of the estate, which includes domestic support payments and use and possession of the marital home.

4. Because Dr. Melki was not in compliance with the Final Judgment, Ms. Samaha asked this Court to lift an automatic stay in part to enforce in the Montgomery County Circuit Court the post-petition domestic support obligations and award of use and possession of the marital home (ECF 029). On July 9, 2019, this Court in part granted Ms. Samaha's request (ECF 047).

5. After consideration of the Ms. Samaha's petition for constructive civil contempt seeking incarceration, on October 2, 2019, the Montgomery County Circuit Court found Dr. Melki in contempt for failure to pay post-petition domestic support obligations[1]. Although being represented by John M. Quinn and Aindrea Conroy, on October 11, 2019, Dr. Melki asked this Court to approve a criminal counsel for the purpose of contempt proceeding (ECF 087). This Court denied the request without prejudice subject to reconsideration if Dr. Melki would file a new request setting forth his explanation of why the criminal counsel is necessary and why employment of criminal counsel would be in the best interest of the bankruptcy estate (ECF 097). Needless to say, there was no such a filing made by Dr. Melki.

6. Having already employed and approved by this Court as special counsel for domestic matter John M. Quinn and his law firm, on November 25, 2019, Dr. Melki filed the application to employ Bart Colombo and Saboura Goldman & Colombo P.C. arguing that he needs

---

[1] Dr. Melki vacated the marital home in mid-August 2019; thus, this issue became moot.

"special counsel in order to assist him in his ongoing divorce case and post-trial motions." (ECF 119), ¶ 6. This request is meritless because the divorce case in the Montgomery County Circuit Court is not ongoing, and post-trial motion of Dr. Melki's was adjudicated in favor of Ms. Samaha on May 23, 2019. Per Debtor's own admission, Ethridge, Quinn, Kemp, McAuliffe, Rowan & Hartinger, is already prosecuting the Debtor's appeal of orders entered in the divorce case subject to limitation outlined in June 26, 2019 Order of this Court (ECF 042). Bringing in new counsel, keeping in mind that he has already employed special counsel, would constitute an unnecessary expense that unlawfully depletes the assets of the estate and brings no benefit to it, i.e., not in the best interest of the estate.

### ARGUMENT

Creditors oppose to the employment of Bart Colombo and Saboura Goldman & Colombo P.C. As they argued earlier in their opposition to the Debtor's application for employment of criminal counsel, the estate will not benefit from the employment of one more highly-priced lawyer to represent Debtor in the divorce matter that has been already adjudicated by the Montgomery County Circuit Court and his post-trial motion has been ruled on.

Section 327(e) of the Bankruptcy Code authorizes the Debtor (in the shoes of a trustee in Chapter 11) to retain special counsel to perform legal services in a bankruptcy case when it would be beneficial to the bankruptcy estate; such a lawyer may not be employed before the Debtor explains how the estate (rather than the Debtor personally) would benefit from this employment. *In re Warner*, 141 B.R. 762 (3rd Cir. 1995); *In re Black & White Cab Co.*, 175 B.R. 24, 26 (Bankr E.D. Ark 1994). It is Creditors' belief that Dr. Melki presented no such arguments. Again.

Unless Dr. Melki wants to replace Ethridge, Quinn, Kemp, McAuliffe, Rowan & Hartinger with Bart Colombo and Saboura Goldman & Colombo P.C. to prosecute the appeal, employment of a new set of lawyers will only deplete the resources of the estate.

An additional issue has arisen with Dr. Melki and his choice of potential special counsel: Bart Colombo was already represented Dr. Melki in the divorce proceeding while being employed by O'Reilly & Mark, P.C. Dr. Melki in his own filing lists O'Reilly & Mark, P.C. as one of his biggest unsecured creditors with a $83,198 claim (ECF 071), at 2.

Section 327 governs bankruptcy court approval of a trustee's employment of attorneys and other professionals. *In re Johnson*, 312 B.R. 810, 818–19 (E.D. Va. 2004). This provision is intended to ensure "that all professionals ... tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." *Id*. (quoting *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir.1994)). And while the provision accords the bankruptcy court broad discretion in approving the employment of professionals, § 327(e) makes clear, as a general rule, that the trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed. 11 U.S.C.A. § 327(e). Mr. Colombo, however, by his affiliation with one of the existing creditors (namely, O'Reilly & Mark, P.C.) raises serious concerns as to his ability to serve in the best interest of estate and potential adverse interest to the estate because Mr. Colombo is connected to O'Reilly & Mark, P.C. and financially motivated in that creditor's recovery.

Creditors also point out that Dr. Melki fired his bankruptcy lawyers (ECF 117). Thus, the estate should spend its resources on finding and employment of the new bankruptcy counsel rather than wasting time of this Court.

Therefore, there is no good cause to approve the employment of Bart Colombo and Saboura Goldman & Colombo P.C. Hence, the Debtor's application must be denied.

Date: November 26, 2019   Respectfully submitted,

/s/ *Jeff Sherman*_____
Jeffrey M. Sherman, MD Bar No. 08505
LAW OFFICES OF JEFFREY M. SHERMAN
1600 N. Oak Street, Suite 1826
Arlington, VA 22209
(703) 855-7394
jeffreymsherman@gmail.com
*Attorney for Cynthia Samaha*

/s/ *Chris Gowen* _____
Christopher J. Gowen, MD Bar No. 18511
Gowen Silva and Winograd, PLLC
513 Capitol Court N.E., Suite 100
Washington, DC 20002
p: (202) 408-5400
f: (202) 499-1370
cgowen@gowensilva.com
*Attorney for Gowen Silva and Winograd PLLC*

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 26, I served a copy of the foregoing, by either first class mail, postage prepaid, or, where permissible under the applicable Rules of this Court, by electronic means, upon the following:

Janet M. Nesse
McNamee, Hosea, et al.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Email: jnesse@mhlawyers.com

Lynn A. Kohen
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
Email: lynn.a.kohen@usdoj.gov

Jeffrey M. Orenstein
WOLFF & ORENSTEIN, LLC
Shady Grove Plaza
15245 Shady Grove Road, Suite 465
Rockville, Maryland 20850
Email: jorenstein@wolawgroup.com

                                         */s/ Jeff Sherman*
                                         Jeffrey M. Sherman