# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (Greenbelt Division)

|  |  |
|---|---|
| In re:<br><br>TOUFIC SALIM MELKI,<br><br>    Debtor and Debtor in Possession. | Case No. 19-15265-LSS<br>Chapter 11 |

### CREDITORS CYNTHIA SAMAHA, SABA ARMANI, AND GOWEN SILVA AND WINOGRAD PLLC'S MOTION TO APPROVE OR ENFORCE SETTLEMENT

Creditors Cynthia Samaha (formerly known as Cynthia Melki), Saba Armani, and Gowen Silva and Winograd PLLC (the "Movants"), by and through their counsel, file this motion to approve or enforce settlement, and state as follows:

#### RELEVANT FACTS

1. On April 18, 2019, Dr. Melki filed a voluntary petition for bankruptcy under Chapter 11 [ECF 001].

2. On August 26, 2019, the Movants filed a motion to appoint Chapter 11 trustee [ECF 051]. Debtor objected [ECF 061]. Later the parties supplemented their filings [ECF 078, 079].

3. The hearing on the motion to appoint Chapter 11 trustee was continued several times due to either busy schedule of Dr. Melki or his incarceration for failure to pay the domestic support obligations ordered by the Montgomery County Circuit Court [ECF 063, 085].

4. On October 25, 2019, the parties appeared again before this Court for a hearing. At the hearing, counsel reached a verbal agreement to resolve the matter. However, when the

agreement was read to the Court, there was a confusion as to one of the terms. Although there was this confusion regarding a term, counsel for the <u>Debtor</u> stated on the record that the Court should enforce the agreement regardless of the subject misunderstanding. Subsequently, the Court continued the case and directed the parties to resolve the issue and submit a proposed order in a timely fashion.

5. On October 30, 2019, the parties appeared again before this Court for a telephone conference. The counsel for Dr. Melki stated on the record that the parties need additional time to finalize the draft.

6. Since that day, the Movants tried to resolve this issue and reach agreement on the final language. The back and forth continued until the Movants simply agreed to the proposed language offered by Dr. Melki's counsel. Since then, the Movants have inquired multiple times as to when Dr. Melki's counsel would submit the order agreed by parties and already signed by the Movants.

7. On November 13, 2019, in response to one of the emails from the counsel for Movants, Ms. Janet M. Nesse indicated that "she does not have authority to submit the order at this time." *See* Ex. 1. Even though the order signed was the language proposed by Ms. Nesse herself.

8. On November 15, 2019, the Movants asked this Court to hold a hearing to address the subject misconduct of Dr. Melki and clarify the status of the settlement. The phone conference was scheduled by the Court for December 5, 2019 [ECF 115].

9. Prior to the hearing, on November 22, 2019, Debtor's counsel moved to withdraw their appearance [ECF 117].

10. Dr. Melki has now hired new counsel who is completely refusing to honor the settlement. Dr. Melki avoided a hearing on this matter by reaching a settlement agreement and now has completely reneged the agreement.

ARGUMENT

The Movants argue that a valid contract was formed on October 25, 2019 that was further incorporated into proposed order drafted by counsel for Dr. Melki as their view of the settlement agreement resolving the dispute over appointment of the Chapter 11 trustee and signed by the Movants. Ex. 2.

The settlement, or a compromise, is a contract enforceable by principals of state contract law. *See In re Arrington*, 293 B.R. 76 (Bankr. M.D. Ga, 2003); *J. Kahn & Co. v. Clark*, 178 F.2d 111, 114 (5th Cir. 1949) ("Where parties, acting in good faith, settle controversy, the courts will enforce the compromise without regard to what the result might, or would have been, had the parties chosen to litigate rather than settle").

The Fourth Circuit explained that "if an agreement for complete settlement of the underlying litigation, or part of it, has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for nonperformance of the agreement is 'comparatively insubstantial.'" *Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). "[H]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement[1]." The fact that the proposed court that reflects the settlement agreement between Dr. Melki and the Movants is not in writing does not render it unenforceable. *Alexander v. Industries of the Blind*, Inc., 901 F.2d 40, 41 (4th Cir.1990). In *Hensley*, the Fourth Circuit considering a different factual scenario (in which the existence of

---

[1] *Id.* (quoting *Young v. FDIC*, 103 F.3d 1180, 1195 (4th Cir.1997)).

and terms of a settlement agreement were in dispute), the court noted that a trial court has "inherent power to enforce a settlement agreement" where it finds that "the parties reached a complete agreement" and is "able to determine its terms and conditions." *Trustees of Painters' Tr. Fund of Washington, D.C., & Vicinity v. Clabbers*, CIV.A02-4063, 2010 WL 2732241, at *4 (D. Md. July 9, 2010) (quoting *Hensle,* 277 F.3d at 540-541).

The Movants assert that there is no substantial dispute regarding the substance of the settlement agreement or its terms. Rather, Dr. Melki and his counsel decline to sign or approve the order proposed by them and follow it. Therefore, based on the facts outlined, record of this case including material statements made by counsel for Dr. Melki at October 25 and 30, 2019 hearings, and presented evidence, this Court should determine that a complete settlement had been reached reflected in the proposed order, attached hereto as Exhibit 2, drafted and suggested by the counsel for Dr. Melki and signed by the Movants as a result of the compromise reached at the October 25, 2019 hearing.

Further, in violation of the settlement agreement, Dr. Melki (1) has not submitted for approval a broker that would list a unit located at 9701 Fields Road #1803, Gaithersburg, MD 20878 ("Unit"); (2) has not listed the Unit; and (3) has not provided the access to the broker chosen by the Movants to the commercial property located at 25055 Riding Plaza, Suite 260, South Riding, VA 20152. All of that constitute a breach of the settlement agreement. If this Court finds that the settlement agreement was formed, it must enforce it and order Dr. Melki to comply with its terms and conditions.

WHEREFORE, the Movants respectfully ask this Court to:

A. Schedule an evidentiary hearing on this motion;

B. Issue an order containing the terms of the agreed upon settlement;

C. Enforce the settlement agreement incorporated into proposed order attached as Exhibit 2 and order Dr. Melki to comply with its terms and conditions; and

D.  for such other and further relief as the Court deems just and proper.

Date: December 11, 2019                             Respectfully submitted,

  /s/ *Chris Gowen* _____
Christopher J. Gowen, MD Bar No. 18511
Gowen Silva and Winograd, PLLC
513 Capitol Court N.E., Suite 100
Washington, DC 20002
p: (202) 408-5400
f: (202) 499-1370
cgowen@gowensilva.com
*Counsel for Gowen Silva and Winograd PLLC*


Jeffrey M. Sherman, MD Bar No. 08505
LAW OFFICES OF JEFFREY M. SHERMAN
1600 N. Oak Street, Suite 1826
Arlington, VA 22209
(703) 855-7394
jeffreymsherman@gmail.com
*Counsel for Cynthia Samaha and Saba Armani*

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 11, 2019, I served a copy of the foregoing by ECF notification to:

John D. Burns
The Burns Law Firm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, MD 20770
Email: info@burnsbankruptcyfirm.com

Lynn A. Kohen
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
Email: lynn.a.kohen@usdoj.gov

Jeffrey M. Orenstein
Wolff & Orenstein, LLC
Shady Grove Plaza
15245 Shady Grove Road, Suite 465
Rockville, Maryland 20850
Email: jorenstein@wolawgroup.com

Nikita Joshi
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852
Email: bankruptcy@bww-law.com

Jeffrey M. Sherman
LAW OFFICES OF JEFFREY M. SHERMAN
1600 N. Oak Street, Suite 1826
Arlington, VA 22209
jeffreymsherman@gmail.com

               _/s/ *Chris Gowen* _____
               Christopher J. Gowen