UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In Re:                                      )
                                            )
TOUFIC SALIM MELKI                          )     Case No: 19-15265
                                            )     (Chapter 11)
     Debtor                               )
                                            )

## STATUS REPORT/AGENDA

TOUFIC SALIM MELKI (the "Debtor"), by and through undersigned counsel, John D. Burns, Esquire, and The Burns Law Firm, LLC hereby files this Status Report and Agenda, and states as follows:

### FACTUAL STATEMENT:

On or about April 18, 2019 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code of 2005 as amended (the "Code").

On or about September 16, 2019, the Debtor filed a Status Report through prior counsel. [Dkt. 66] On or about October 30, 2019, a Status Hearing [Dkt. 109] was heard and conducted, although the focus was more pointedly on the subject of the domestic relations issues and appointment of a Trustee rather than on the overall reorganization of the Chapter 11 case.

This case has had several setbacks, most prominently the domestic relations litigation over numerous factors that spilled over into this Bankruptcy Court. Secondly, there has been the necessary amendment of the Debtor's income taxes for 2016; 2017 and 2018 which upon recalculation of expenses demonstrated significant further federal and likely state taxes that were required. Third, the streamlining of Debtor's use of cash from one or more of his businesses which is not presently disclosed in the MORs, and needs to be normalized so that transparency exists and a predictable cash flows for the Plan can be arrived at.

Counsel supports the filing of a Plan with promptness by March 31, 2020 because

of the mercurial nature of this Chapter 11 case.  Each of the germane issues is addressed below:

        1) *Preliminary outline of the plan*:  A Plan in this case will be comprised of 60 months or longer and shall propose to fund (i) the Allowed Administrative Expenses of the Debtor's estate; (ii) the Settlement Agreement and Release with Cynthia Samaha which became effective January 21, 2020 subject to Circuit Court and Bankruptcy Court approval; (iii) the Priority Claims representing the IRS and Maryland Taxes; the (iv) Secured Claims of two mortgage claims administered by Bayview Funding on property of the estate; (v) the Allowed Unsecured Claims which shall receive a reasonable dividend.  The Debtor incorporates a trial exhibit from January 21, 2020 as **Exhibit 1**. (the "Worksheet")

        The Worksheet includes certain priority and unsecured domestic relations claims which have now been settled with Cynthia Samaha and are the subject of the Settlement Agreement and Release.  The Worksheet includes $50,000.00 in attorneys fees (reported by Mr. Bart Colombo by email just before January 21, 2020) and these fees or whatever they may be are disallowed from the estate as he was not approved to serve as counsel under 11 U.S.C. § 327(e)).  The Worksheet includes $65,000.00 attributable to Janet Nesse, Esquire as former counsel to the Debtor, which have been filed under an Administrative Application for Compensation at $55,279.55.   Accordingly, these are reductions as they apply to events following the preparation of the Worksheet.

        However, the remaining present and estimated debts for payment in this case are significant.  Administrative Expenses which are for professional persons including the undersigned as anticipated counsel through confirmation of a Plan of $100,000.00; and Mr. Quinn as special counsel for the appeal of a non-pecuniary issue to the Court of Special Appeals and beyond of $100,000.00; and the accountant Mr. Gonzalves for the Debtor of $75,000.00, and

adding in $535,994.18 for priority IRS/MD taxes; and Unsecured Claims (other than Ms. Samaha who is now within a Settlement and Release Agreement) of $1,969,949.19.

Accordingly, balancing the substantial claims that exist within this case including anticipated Administrative Expense Claims, and given that the Debtor has significant debt relief from his Settlement and Release Agreement that was procured as to Cynthia Samaha and will need to move forward quickly on payment resolution options, a Plan should be moving forward promptly.  The Debtor has been properly counseled on his need for a third party or an exempt contribution new value payment into the Plan to the extent that compliance under Section 1129(a)(8) is not fully met.

*2) Issues Requiring Resolution or Guidance From the Bankruptcy Court:*

The Debtor further desires to litigate additional or new cases some in respect of the Schedule A/B against persons in the United States and some litigation which is pending in Lebanon and which is the subject of unclear status as noted by Judge Callahan in the Circuit Court for Montgomery County, MD.  The Debtor understands and has been advised he needs to have such counsel that are employed or to be employed to commence or continue such civil actions in the United States or Lebanon employed so that the Bankruptcy Court can review the matters further before any unauthorized representation or professional person compensation commences or continues inadvertently by the Debtor.

The Debtor has caused recognition of his Federal and State tax liabilities through the proper filing of amended tax returns for years 2016, 2017 and 2018, and the Schedules and Claims Docket contains the above referenced figures.  The Debtor needs to timely and promptly complete his 2019 tax filings such that his accountant Mr. Gonzalves may determine as he has informally advised that there is no further tax liability meaning none for 2019.  Withholdings

must be verified for correctness for 2020.

The Debtor has continued for ascribed reasons of convenience direct draws from his business which for reasons of apparent accounting errors were not recorded as further gross receipts or disbursements on the MORs of record for 2019.  After this mistake was raised and quantified by the accountant, Mr. Gonzalves[1].  The United States Trustee has directed that the Debtor take a prescribed draw and other accountancy changes and corrections be made on this and other matters.

A combined trial exhibit from January 21, 2020 is attached hereto as **Exhibit 2** which includes the (i) MORs gross receipts and disbursements from 2019; (ii) the adjustments to such figures arising from indirect compensation derived from the Debtor's business account; (iii) the tax filings and effect on amendments.

3) *Date for Filing a Plan*:  The Debtor is likely able to file a Plan **by March 31, 2020** to provide time for the remaining uncertainties to be resolved in his exit strategy from this Chapter 11 matter.

4) *Reducing or Increasing the Periods Set out in 11 U.S.C. § 1121(b):*  The Debtor does not believe that any amendment of the periods provided for under 11 U.S.C. § 1121(b) is needed.  Putting aside that the period has passed or shall pass any plan and disclosure statement submitted by the Debtor will necessarily require compliance with the spirit of *Bank of America National Trust Assn. v. 203 North La Salle Street Partnership*, 526 U.S. 434 (1999) concerning the opportunity for at least competing plans.  This is because an open bidding option within the Debtor's plan is not likely realistic. Exclusivity post 1999 is largely a theoretical concept.

---

[1] It must be observed that Mr. Gonzalves is the Debtor's new accountant and he is engaged in the process of "clean up" of mistakes and errors allegedly made by the prior accountant.  Thus, no inference against Mr. Gonzalves for the significant accountancy errors that have been alluded to in this case should be taken.

5) *Setting a Budget for Professionals*: The Debtor believes that reviewing the scope of litigation counsel and matters to be handled by such counsel can be addressed in a Status Hearing so that in the context of evaluating ongoing or new litigation the Debtor's revenue stream and assets, and existing claims, and essential plan of reorganization work may be reviewed in the context of ongoing or new litigation, particularly that relating to matters other than property of the estate.

6) *Conversion of the case*: There is no benefit to a converted case herein to any party in interest as this is an individual wage earner case of a professional physician, whose significantly above median income stream would cease or face certain reductions on a voluntary pay basis if a Chapter 7 Trustee were put into place, and such post-conversion earned income here would not likely constitute property of the estate post-conversion.

RESPECTFULLY SUBMITTED,
/s/ John D. Burns
John D. Burns, Esquire (#22777)
The Burns LawFirm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, Maryland  20770
(301) 441-8780
info@burnsbankruptcyfirm.com
Counsel for the Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 2d day of February, 2020, a copy of the foregoing Status Agenda was served, by first class mail postage prepaid, or by ECF and those Parties on the Matrix unless otherwise specified upon the following parties in interest:

**VIA ECF:**

Lynn A. Kohen lynn.a.kohen@usdoj.gov

Jeffrey M. Orenstein jorenstein@wolawgroup.com

Jeffrey M. Sherman jeffreymsherman@gmail.com,
elmoyer99@gmail.com

US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV

cgowen@gowensilva.com

rstolker@stolker.com

**VIA MAIL:**

Dr. Toufic Melki
1014 Willow Leaf Way
Potomac, MD  20854

(Matrix of creditors as redacted)

                                                /s/ John D. Burns
                                                John D. Burns, Esquire