**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In Re: ) | |
| ) | |
| TOUFIC SALIM MELKI ) | Case No: 19-15265 |
| ) | (Chapter 11) |
| Debtor ) | |
| ) | |

**REQUEST FOR EMERGENCY STATUS CONFERENCE AS TO CHAPTER 11 CASE**

TOUFIC SALIM MELKI (the "Debtor"), by and through undersigned counsel, John D. Burns, Esquire, and The Burns Law Firm, LLC hereby files this Request for Emergency Status Conference as To Chapter 11 Case (the "Request"), and states as follows:

**FACTUAL STATEMENT:**

On or about April 18, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Code") in the United States Bankruptcy Court for the District of Maryland.

This Chapter 11 case was borne from a lengthy, divisive and incredibly over litigated domestic relations case in the Montgomery County Circuit Court (Case No. 138142FL), that fills so many docket pages on the Maryland Judiciary that it takes over a few minutes to scroll the pages.

Between August, 2016 and December, 2019, the Debtor and his former spouse Cynthia Samaha consumed over two years and *hundreds of thousands of dollars* litigating a litany of just about every domestic relations issue that one could conceive of including support, custody, travel, alimony, monetary awards and the list goes on and on. Expert witnesses and at least several groupings of days of trial over months and months (not to mention post-trial hearings) consumed

the parties (not to mention their several minor children) for years. The Debtor is still litigating the peculiar Constitutional issue of whether he is still married to Ms. Samaha in the Court of Special Appeals, and has incurred over $100,000.00 in fee retainers for that litigation alone all at the detriment of the estate which receives no benefit from such litigation, even if it has a burning personal and religious meaning to the Debtor which he advises he can never compromise.

Such is the nature of this domestic related case which the undersigned inherited and walked into in early December, 2019, and which the undersigned swiftly settled and resolved in all respects1 in just over a month by January 21, 2020, with the able assistance of opposing counsel Chris Gowen, Esquire. As the Court will recall it took two all day sessions with the Bankruptcy Court for two skilled counsel to reach necessary compromises. Over four million dollars in anticipated alimony was reduced to thousands of dollars over a month and half of settlement efforts. Many other benefits accrued to the Debtor from the resolution, and to Ms. Samaha. ALL of this benefit was achieved by two counsel working together over a month and a half and two lengthy status hearings with the Bankruptcy Court to properly counsel their clients under the threat of far worse mutual assured destruction from the tribunal, and the Bankruptcy Court in particular.

In early February, 2020, the Settlement Agreement which was created by the parties was circulated, approved by the Circuit Court for Montgomery County, and under Rule 9019(a) approved by the Bankruptcy Court in early March, 2020. [Dkts. 176; 196] Immediately thereafter, the undersigned worked with the Debtor, the very skilled accountant, Mr. Gonsalves, and Mr. Gowen and others to foment a Plan of Reorganization that would cure substantial administrative claims, substantial priority tax claims, and the unsecured claims including the non-priority

---

1 The undersigned did not even attempt to resolve the theoretical issue of whether there is a Constitutional right to divorce in the United States given the religious nature of the marriage in Lebanon, as the Debtor was not amenable to that issue's resolution other than by the United States Supreme Court, with all the fees and costs associated therewith.

domestic relations claims that are outlined in the 9019(a) Settlement Agreement. Timing was important because August 1, 2020 was the date for cure on a large segment of the domestic debt under the Settlement Agreement. Critically, the Debtor had an obligation to obtain a contract of sale for an asset known as the South Riding property in Virginia, and have it approved under 11 U.S.C. § 363(f) so it could pay Ms. Samaha, among other obligations. The undersigned requested an urgent status conference in early February, 2020 [Dkt. 178] so that the Court could ensure with the assistance of both counsel here that the Debtor was moving promptly, swiftly in the right direction of reorganization and not resuming any of the prior litigation habits. The undersigned knew this case had a very short time for rehabilitation given the history and characteristics with which the litigants had arrived in this Court, including the Debtor.

Although a status was set for mid-March, 2020, COVID-19 and its rolling disruptions derailed the best intentions of the parties. Matters were continued without necessary intersection with the Court, and a further status with a detailed outline of the Debtor's necessary Plan followed on May 19, 2020. [Dkt. 246] However, during this time into the present the Debtor has imposed some difficulties on the process:

*Firstly*, the Debtor greatly delayed the retention of a real estate broker on South Riding, and has not ceased communicating with the Broker, Marcus & Millichap, over a commission spat. The Broker is retaining counsel.

*Secondly*, the Debtor after much ambivalence on the sale of South Riding to its current tenant, has advised that he wishes to simply proceed to sell the asset, by passing the Rule 9019(a) process outlined in that February 2, 2020 Motion and the necessity of "transparency" and Court approvals which the Court identified on January 21, 2020 and January 24, 2020.

*Thirdly*, the Debtor is not cooperating with the requests of counsel for turnover of

any contract with the tenant, including addenda extending such closing to August 31, 2020 and noting third party bankruptcy court approval.  Apparently, the tenant who may hold claims or privity with the Debtor has not been informed the Debtor is in a Chapter 11 case.  A deadline was agreed to of yesterday for the Debtor to provide such items at COB and the Debtor has ceased responding to emails or contact from counsel.

*Fourth*, one of several administrative claimants herein, McNamee Hosea, has lodged protests that the payment of such funds from property of the estate to Ms. Samaha, a junior claimant, creates a distribution of property outside of the priorities of 11 U.S.C. § 507(a)(1). This can be resolved in the view of the undersigned by negotiation and the Debtor's commitment to his Plan of Reorganization, which has been absent and displaced by a near obsessive focus on the domestic litigant's claims herein.

*Fifth*, the Debtor has alluded to unpaid 2019 income taxes in his MORs of recent, and despite repeated inquiries from the UST, has declined to answer what sums are due post-petition, any why there is a $47,000.00 balance discrepancy in the DIP account.  Sixth, Mr. Gowen as counsel for Ms. Samaha whose patience has been tested by now nearly 6 months of cognitive dissonance in the "on again-off again" marketing process for South Riding – and two undeclared defaults under the Settlement Agreement – has advised he is ready to file to have Ms. Samaha's realtor appointed to sell the South Riding property.

These and a good number of other issues will shortly explode on the docket of the Bankruptcy Court in short order.  This is neither productive nor is it unavoidable.

The undersigned has represented Dr. Melki very well and has been able on a recurring basis to permit the Debtor to see the consequences – intended and unintended – of his proposed emotional actions and decision making, which has led to constructive and relatively less

costly resolution of enormously complex disputes. Rather than watch this case descend into the chaos of ill thought out litigation from whence it arrived, the Bankruptcy Court is requested to hold a brief but inclusive Status hearing at which the Debtor is directed to attend and participate, with counsel for Ms. Samaha, McNamee Hosea, the Debtor's broker, Lorenzo Wooten, and such other parties in interest as are necessary or appropriate, including if they desire, a representative from the UST.

Although Mr. Bart Colombo, Esquire, the Debtor's supposedly former domestic attorney who was denied employment by this Bankruptcy Court for adversity/lack of disinterestedness, has been advisedly still representing the Debtor according to the Office of Child Support Enforcement in Montgomery County, MD. Thus, as Dr. Melki values his legal advice and actions, if he is to attend obviously to aid the Debtor on any domestic relations matters that intersect, such appearance at the Status Hearing would be at the discretion of the tribunal. Perhaps it would give the Debtor confidence in the information he is receiving that the undersigned seems unable to convey. All that the undersigned wants to see here is to ensure that this entire case is deescalated anew and that all disputes are worked out expediently and with the guiding hand of the tribunal.

For the foregoing reasons, and so many others not stated, an urgent Status Conference with the Court is requested for this week. The undersigned acknowledges that this will be conducted via Zoom rather than in person appearances given the pandemic remaining.

WHEREFORE, the Debtor by and through counsel, respectfully requests that the Bankruptcy Court enter an Order setting in a Status Conference this week and directing the Debtor's attendance and granting such other and further relief as equity and justice may require.

        RESPECTFULLY SUBMITTED,
        /s/ John D. Burns
        John D. Burns, Esquire (#22777)
        The Burns LawFirm, LLC
        6303 Ivy Lane; Suite 102
        Greenbelt, Maryland  20770
        (301) 441-8780
        info@burnsbankruptcyfirm.com
        Counsel for the Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 7th day of July, 2020, a copy of the foregoing Request and Order was served, by first class mail postage prepaid, or by ECF and those Parties on the Matrix unless otherwise specified upon the following parties in interest:

**VIA ECF:**
United States Trustee
6305 Ivy Lane; STE 600
Greenbelt, MD 20770

US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV

cgowen@gowensilva.com

sgoldberg@mhlawyers.com

lorenzo.wooten@marcusmillichap.com

**VIA EMAIL:**
Dr. Toufic Melki
1014 Willow Leaf Way
Potomac, MD  20854

                                                          /s/ John D. Burns
                                                         John D. Burns, Esquire