IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-15265-LSS |
| TOUFIC SALIM MELKI, ) | Chapter 11 |
| ) | |
| Debtor and Debtor in Possession. ) | |

**CREDITORS CYNTHIA SAMAHA AND GOWEN SILVA AND WINOGRAD PLLC'S RESPONSE TO REQUEST FOR EMERGENCY STATUS CONFERENCE AS TO CHAPTER 11 CASE**

Creditors Cynthia Samaha and Gowen Silva and Winograd PLLC (the "Movants"), by and through their counsel, file this response joining Debtor's request for emergency status conference as to the Chapter 11 case and state as follows:

1. For reasons indicated below and reasons stated in the Debtor's request for emergency status conference as to Chapter 11 case [ECF 257], the Movants agree that the request for emergency hearing should be granted.

2. On March 26, 2019, Montgomery County Circuit Court ("Domestic Court") issued an Order and Opinion granting Ms. Samaha's petition for divorce, ordered property division, child support, alimony payments, and use and possession of the marital property.

3. The March 26, 2019 Domestic Court Order ("Divorce Order") provided that, among other things, Dr. Melki is required to pay $4,556 in child support and $9,000 in alimony per month and maintain health and dental insurance for the minor children and pay for their

1

unreimbursed medical and dental expenses, convey marital home and pay Ms. Samaha's attorney's fees. When his post-trial motion was denied, Dr. Melki appealed from the Divorce Order.

4. On April 18, 2019, Dr. Melki filed a voluntary petition for bankruptcy under Chapter 11 [ECF 001].

5. Since commencement of the bankruptcy, Dr. Melki has constantly increased domestic support arrears. Consequently, on October 2, 2019, the Domestic Court found Dr. Melki in contempt for failure to pay domestic support obligations and put him in jail despite the work of five attorneys Dr. Melki retained to handle the contempt matter.

6. On August 26, 2019, the above-captioned creditors (and Saba Armani) filed a motion to appoint a Chapter 11 Trustee [ECF 051], and on January 21, 2020, prior to starting the hearing Dr. Melki through his counsel begged and pled with undersigned counsel to agree to a settlement stating that if we did, he would give his word that there would be no more games and he would meet his obligations. In turn, creditors Melki and Gowen Silva and Winograd agreed to substantial reductions in the amount owed to them by Dr. Melki.

7. On January 24, 2020, the parties agreed to modify the Divorce and Custody Orders and entered into Settlement Agreement approved by this Court *nunc pro tunc* to January 21, 2020 [ECF 196]. In its March 9, 2020 Order, this Court directed the parties to expediently implement Settlement terms and provisions.

8. Per §4(A) of the Settlement, the parties agreed that effective March 1, 2020, the amount of monthly alimony payable to Ms. Samaha shall be reduced to $5,500. Also, per §4(C) of the Settlement, the monetary award of $400,000.00 for Ms. Samaha was reduced to $200,000.00 payable by July 30, 2020. And under §4(D) of the Settlement, Dr. Melki is required to pay Ms.

Samaha's attorney's fees by July 30, 2020, and if he doesn't, this amount will be increased by $100,000.00.

9. The rationale behind the Settlement was to give Dr. Melki time, until July 30, 2020, to make financial arrangements so that he could decide which of his many properties and assets he would sell to meet his financial obligations. Now, upon information and belief, Dr. Melki has only made efforts toward selling one of his many properties. That property known as South Riding[1] received an offer for $740,000.00. An offer well within the range of acceptability, Dr. Melki indicated to his former wife that he was accepting the offer, but now a full month later he appears to be doing the Melki two step, walking back his commitment and forcing everyone to litigate; thus, creating more attorney's fees and debt. It is undersigned's understanding that this latest two step is an effort by Dr. Melki to avoid paying the broker's commission.

10. The Movants further expect that Dr. Melki will raise a COVID-19 defense arguing that the pandemic has prevented him from being able to comply with his end of the bargain. This defense, like all of Dr. Melki's defenses, is without merit and completely disingenuous. In fact, the pandemic, if anything, should have provided Dr. Melki with even more time to focus on the sale of his real property and assets.

11. The Movants were prepared to file a motion to reinstate their motion to appoint a chapter 11 trustee as well as a motion to show cause, but because of Melki's counsel's honest and reasonable request for the Court to hold a status hearing with Dr. Melki present, the Movants have decided to hold on this motion for the time being and join in the request for an emergency status hearing.

---

[1] Commercial condo owned by Retina One, LLC (an entity owned by Dr. Melki and Ms. Samaha as of the Settlement) located at 25055 Riding Plaza, South Riding, VA 20152.

12. The Movants agree that this mater is an emergency because Dr. Melki's failure to meet his obligations will cause the estate to incur substantially more debt and create more litigation. Unfortunately, Dr. Melki seems to never be able to get out of his own way and at every step along the way of the dozens of civil cases he has been a party to, whenever he is presented with a chance to make a sensible decision, he pushes forward, loses, and then claims he cannot pay. If Dr. Melki is not compelled to sign the documents to sell the South Riding property, as well as get moving on selling others, we will have wasted a lot of valuable time and money, he will lose the tremendous benefit of the settlement and the court will have to consider appointing a Chapter 11 trustee or converting this matter to Chapter 7.

WHEREFORE, to further the expeditious and economical resolution of this case, Creditors Cynthia Samaha and Gowen Silva and Winograd PLLC respectfully ask this Court:

A. to grant Debtor's request for emergency status conference as to Chapter 11 case and set an emergency status hearing;

B. for such other and further relief as is just and proper.

Date: July 7, 2020                           Respectfully submitted,

 /s/ *Chris Gowen*
Christopher J. Gowen, MD Bar No. 18511
Gowen Silva and Winograd, PLLC
513 Capitol Court N.E., Suite 100
Washington, DC 20002
p: (202) 408-5400
f: (202) 499-1370
cgowen@gowensilva.com
*Counsel for Cynthia Samaha and Gowen Silva and Winograd PLLC*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2020, I served a copy of the foregoing by ECF notification to:

John D. Burns
The Burns LawFirm, LLC
6303 Ivy Lane, Suite 102
Greenbelt, MD  20770
Email: info@burnsbankruptcyfirm.com

Lynn A. Kohen
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
Email: lynn.a.kohen@usdoj.gov

Jeffrey M. Orenstein
Wolff & Orenstein, LLC
Shady Grove Plaza
15245 Shady Grove Road, Suite 465
Rockville, Maryland 20850
Email: jorenstein@wolawgroup.com

Michael T Freeman
Samuel I. White, P.C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
Email: mfreeman@siwpc.com

                                         _/s/ Chris Gowen_____
                                         Christopher J. Gowen