**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In Re: ) | |
| ) | |
| TOUFIC SALIM MELKI ) | Case No: 19-15265 |
| ) | (Chapter 11) |
| Debtor ) | |
| ) | |

## STATUS REPORT ON CHAPTER 11 CASE

TOUFIC SALIM MELKI (the "Debtor"), by and through undersigned counsel, John D. Burns, Esquire, and The Burns Law Firm, LLC hereby files this Status Report on Chapter 11 Case, and states as follows:

On July 5, 2020, the undersigned filed an Emergency Request for Status Hearing on the grounds and bases outlined in the Request. Principally, the problem is that the Chapter 11 case is inefficiently heading to a number of disruptive disputes emerging that will cause some serious difficulties before the Bankruptcy Court. These issues need not be presented anew herein as they adequately speak for themselves.

Principally among these difficulties is the existence of a sale on a property known as 25055 Riding Plaza, South Riding, VA 20152 ("South Riding"). The Debtor owns Retina One, LLC and this asset was one of the elements of many disputes resolved on January 21, 2020 in the approved settlement agreement found at Dkt. 176-3 [page 10] and ensuing Motion for Approval of Rule 9019(a) Settlement of Compromise [Dkt. 176; p. 10].

The Debtor was and remains obligated to pay various obligations to the benefit of his ex-wife, Cynthia Samaha, on or before August 1, 2020. Under the aforementioned Settlement Agreement, if the Debtor was to sell the South Riding property to satisfy monetary obligations to Ms. Samaha in whole or part, South Riding needed to be "at a sufficient price to satisfy

immediately the $365,000.00 owed or any portion still remaining, and at a fair market level by appraisal or other agreed third party valuation sufficient to satisfy the Bankruptcy Court and estate under 11 U.S.C. § 363(b), (f) on notice" A copy of the germane page of the Settlement Agreement is annexed hereto as *Exhibit A*.

This was intended as explained to the Bankruptcy Court on the record to ensure that a significant asset of the estate would only be sold under the auspices of the Bankruptcy Court by motion on notice, which requires 24 days notice with mailing. For obvious reasons, the Debtor as a fiduciary has financial obligations (ie; administrative expenses; priority tax claims; significant unsecured debts, and last in priority domestic relations debts for an insider). After significant delays, the Debtor produced a contract to the undersigned last week after the filing of the Request with a closing date of August 31, 2020 that could be submitted to the Bankruptcy Court (other than infirmities such as affirmative representations that there is no bankruptcy case[1] and no closing date or means of funding the contract therein). The undersigned has been requested not to file the contract with the Bankruptcy Court by the Debtor.

The Debtor instead desires to close on the contract in Virginia on the 28th of July, 2019 without Bankruptcy Court approval, as advised by Mr. Gowen today by gracious email to the undersigned. A copy of the email is annexed hereto as *Exhibit B*.

The undersigned has received communications from Stephen Goldberg, Esq. of McNamee Hosea who correctly questions how an asset of the estate can be sold without Court approval and payment of estimated administrative expenses for the various professionals herein under 11 U.S.C. Section 507(a)(2).

---

[1] The Debtor has informed counsel and the accountant that he was reluctant to disclose to the Buyer that he was in a Chapter 11 bankruptcy case and indeed took significant steps to avoid that information reaching the buyer for personal reasons.

The undersigned has received communications from Stephen Goldberg, Esq. of McNamee Hosea who correctly questions how an asset of the estate can be sold without Court approval and payment of estimated administrative expenses for the various professionals[2] herein under 11 U.S.C. § 507(a)(2).  This is germane also to the IRS and other priority claimants.  The Real Estate Broker, Mr. Lorenzo Wooten of Marcus & Millichap has informed the undersigned he intends to appear at the status hearing as he contends his listing agreement was altered by Dr. Melki without permission before it was submitted to the Court, to exclude a significant portion of his commission.  This is naturally problematic in the case, particularly as applied to this sub rosa South Riding sale that is set for late July, 2020.

No party in interest, *least of all counsel to the Debtor*, wishes to see the domestic settlement that was so carefully and painstakingly crafted by the undersigned and Mr. Gowen fall apart.  Indeed, Mr. Gowen on behalf of Ms. Samaha has graciously allowed the sale to close on August 31, 2020 if that is what the Debtor requires for Court approval, with only a modest prepayment of what was already agreed to be paid by August 1, 2020.  However, the Debtor is presently acting against the advice of counsel, and that means counsel must presumably withdraw.

Counsel will participate in the status hearing and appear by zoom, but thereafter unless the Debtor has a significant change of position, unfortunately the undersigned will need move on. A seven day letter has been issued to the Debtor under Local Rule 9010-4.  The Debtor has ceased communications with counsel, which is both awful and unfortunate given that this entire case was so close to full and final resolution under a Chapter 11 Plan.  The undersigned has duties to his client, the estate, and to the Bankruptcy Court as an officer of the Court.

The Court is presented with this Status Report so that it may consider what it must

---

2 The undersigned is shortly filing a first fee application for his firm; and there are fee applications in process for

do at the status conference and be apprised that it would appear that an asset of the estate (namely, the Debtor's proceeds from the South Riding sale) are being treated in a manner outside the parameters of Title 11.  The remaining issues which were presented in the Request for Status Conference remain open and germane to resolution, and are not addressed further herein as they were already adequately stated in the Request.

It is hoped that the Court can guide the Debtor to compliance with Title 11 and the terms of his own Settlement Agreement so as to avoid unnecessary difficulties in this case.

RESPECTFULLY SUBMITTED,
/s/ John D. Burns
John D. Burns, Esquire (#22777)
The Burns LawFirm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, Maryland  20770
(301) 441-8780
info@burnsbankruptcyfirm.com
Counsel for the Debtor

---

Agnelo Gonsalves, the accountant; and Jack Quinn, the appellate litigator herein. The sums owed are significant.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on this 13th day of July, 2020, a copy of the foregoing Status Report and Exhibits were served, by first class mail postage prepaid, or by ECF and those Parties on the Matrix unless otherwise specified upon the following parties in interest:

**VIA ECF:**
United States Trustee
6305 Ivy Lane; STE 600
Greenbelt, MD 20770

US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV

cgowen@gowensilva.com

sgoldberg@mhlawyers.com

lorenzo.wooten@marcusmillichap.com

**VIA EMAIL:**
Dr. Toufic Melki
1014 Willow Leaf Way
Potomac, MD  20854

                                                                         /s/ John D. Burns
                                                                         John D. Burns, Esquire